RECEIVED

2015 AUG 28 PM 1:24

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

U.S. DISTRICT COURT

Case No. 15-cv-5277

COBBLER NEVADA, LLC

Plaintiff,

v.

DOES 1-29

Defendants.

**FILED**

AUG 28 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**DEFENDANT JOHN DOE #18 IP Address (67.162.27.56) MOTION**
**<u>TO QUASH SUBPOENA</u>**

I, John Doe #18 IP Address (67.162.27.56) defendant, in the above styled cause, hereby files the following Motion to Quash Subpoena issued to Comcast Cable Communications, LLC. as set forth in the Memorandum in Support attached hereto.

Dated: August 28th, 2015

Respectfully submitted,

J Doe

John Doe #18
IP Address
67.162.27.56
Drgori77@yahoo.com
Pro se

# MEMORANDUM IN SUPPORT

## BACKGROUND

On August 03, 2015 I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiffs Motion for Early Discovery (D.E. #11). From accounts of previous defendants of Michael Hierl's legal group and other such counsel representing Cobbler Nevada, LLC, these subpoena notifications are followed by demand letters. These letters -- which demand thousands of dollars to avoid dealing with their lawsuit -- and their phone calls, which are allegedly persistent, are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

To cut court costs while suing as many individuals as possible, Plaintiffs counsel is using improper joinders in their lawsuits alleging copyright infringement through BitTorrent. These lawsuits include hundreds of defendants across the nation. Michael Hierl and other counsel representing Cobbler Nevada, LLC have many similar lawsuits in Illinois, Michigan, Oregon and Texas. In a BitTorrent case nearly identical to this one, *CP Productions, Inc. v. Does 1-300 case l:2010cv06255,* the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

## STATEMENT OF FACTS

Defendant Doe #18 (hereinafter referred to as "Doe") received a letter from Comcast Cable Communications, LLC. (hereinafter referred to as "Comcast") indicating it had received a subpoena to divulge certain information regarding Doe. Doe contends that this subpoena is overbroad as it requests information that is unnecessary for Plaintiff to effect service. Doe contends plaintiff has improperly joined 29 individual defendants based on entirely disparate alleged acts. Doe contends that an IP address is not equitable to a person. Doe further contends this cause poses an undue burden and breaches due process.

Doe can verify appropriate standing to petition this court, proven via Exhibit A which includes a copy of the letter from Comcast (personal info redacted) and a copy of the subpoena. This should provide more than reasonable evidence that the Doe is a subscriber affected by the subpoena. Considering this motion is intended to block the disclosure of privileged personal information, Doe prays for some leeway with regards to Fed. R. Civ. P. 11 particularly those requiring the filer's phone number and email.

## LEGAL ARGUMENT

### 1) Plaintiff Has Improperly Joined 29 Individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiffs joinder of 29 defendants in this single action is improper and

runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; and (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using

the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC u. Does 1-38,* No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[Mjerely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records,* 2008 WL 544992, at *2. In *BMG Music v. Does 1-4,* No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25,* No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203,* No. Civ .A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies,* filed in *Fonovisa, Inc. et al. u. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A- 04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA- 703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first

defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12,* No. C- 04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work with a single "unique" hash. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. *See BMG Music v. Does 1-203,* 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the

[1] **http://gondwanaland.com/mlog/2004/12/30/deployment-matters/**

individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no credible allegations that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 1-29, from the case.

*See* Fed. R. Civ. P. 21.

**2) The subpoena received by Comcast is overbroad and Does are ambiguous.**

The subpoena received by Comcast is overbroad in that there is no proof that the person whose information Plaintiff receives acted in any way to violate any copyright law. At most, Plaintiff may be able to implicate an unknown computer rather than a person.

**3) Internet Protocol ("IP") addresses do not — by themselves — qualify as personal information, capable of accurately identifying an individual.**

An IP address does not accurately identify a person. In *VPR Internationale vs. Does 1-1017* (No. 2:201 l-cv-02068), Judge Harold A. Baker writes in an order denying expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

from an opinion in his response to an interlocutory appeal (bold added for emphasis):

> In this case, not a single one of the plaintiffs 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. **Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections** (including a secure connection from the State University of New York). See Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011)[1].
>
> The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. **The infringer**

[1] http://www.msnbc.m8n.com/id/42740201/ns/technology_and_science-wireless/

9

> **might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.**
>
> VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. **The potential filing of a motion to quash is no reason to abandon the adversarial process.** As VPR points out, ex parte motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel has sought leave to amend the complaint to add more Doe defendants. SeeLightspeed Media Corp. v. Does 1 - 100, Case No. 1:10- cv-05604, d/e 16 (N.D. 111.) (seeking leave to add Does 101 - 1000 as defendants). In Hard Drive Productions, Inc. v. Does 1 - 1000, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff.

In questioning whether expedited discovery could be used to extort quick settlements, even from people who have done nothing wrong, Judge Baker states that:

> "[t]he embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether the plaintiff VPR has competent evidence to prove its case."

*VPR Internationale vs. Does 1-1017* (No. 2:201 l-cv-02068)

**4) Undue Burden**

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for any files transferred at the times alleged, or that Doe copied,

distributed, or otherwise infringed on a protected work owned by the plaintiff. Furthermore, the removal of Doe's cloak of anonymity will subject him to intrusive public scorn as an alleged unlawful copier of gay pornography.

**5) Basic Fairness and Due Process**

The Comcast Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a prima facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating this Doe in the alleged infringement. As it stands (D.E. #11) violates due process by allowing the identified Defendant to be subjected to the Plaintiffs direct discovery and/or interrogatories without being formally served the complaint, the filling of responsive pleadings by the Defendants, or a Rule 26(f) conference between parties.

WHEREFORE, Defendant John Doe #18 IP Address (67.162.27.56) respectfully prays the Court GRANTS Defendant's Motion to Quash Plaintiffs Subpoena to Comcast Cable Communications, LLC. Finally, Defendant respectfully prays the Court to grant Defendant such other relief as is just and equitable under the facts and circumstances of this cause.

Dated: August 28th, 2015

Respectfully submitted,

John Doe #18
IP Address 67.162.27.56
Drgori77@yahoo.com
Pro se

## CERTIFICATE OF SERVICE

I hereby certify that on 8/28/2015, I served a copy of the foregoing document, via Priority US Mail, on:

Hughes Socol Piers Resnick & Dym, Ltd.
70 West Madison Street, Suite 4000
Chicago, IL 60602
Telephone: (312) 580-0100
Facsimile: (312) 580-1994

and via Facsimile on Comcast Cable Communications, LLC:

NE&TO
650 Centerton Road
Moorestown, NJ 08057
Telephone: (866) 947-8572
Facsimile: (866) 947-5587

Dated: August 28th, 2015

Respecfully submitted,

J Doe

John Doe #18
IP Address 67.162.27.56
Drgori77@yahoo.com
Pro se

**EXHIBIT A**

COMCAST

NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

8/3/2015

***Personal and Confidential***

***Via UPS & USPS Delivery***

Re: *Cobbler Nevada, LLC v. Does 1-29*
United States District Court for the Northern District of Illinois
Docket No.: 1:15-cv-05277
Order Entered: 7/15/2015
Comcast File #: 671164

Dear

*Cobbler Nevada, LLC* has filed a federal lawsuit in the United States District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing *Cobbler Nevada, LLC*'s copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 67.162.27.56 on 03/14/2015 02:17:44 AM GMT. The court has ordered Comcast to supply your name, address and other information to *Cobbler Nevada, LLC* in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:15-cv-05277 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice**.

Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than 9/2/2015**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than 9/2/2015**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments: Copy of Subpoena and accompanying Court Order regarding civil action

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| COBBLER NEVADA, LLC<br>*Plaintiff*<br>v.<br>DOES 1-29<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 15-cv-5277<br><br>(If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Holdings, LLC, c/o The Corporation Company, 600 S. Second Street, Suite 103, Springfield, IL 62704

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the name and current address of the people whose IP addresses are listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: | Date and Time: |
|---|---|
| Hughes Socol Piers Resnick & Dym, Ltd.<br>70 West Madison Street, Suite 4000<br>Chicago, IL 60602 | 08/24/2015 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/22/15

*CLERK OF COURT*

_______________________ OR [signature]

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Cobbler Nevada, LLC, who issues or requests this subpoena, are:

Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-0067

| IP Address | HitDate/Time (UTC) |
|---|---|
| 50.202.14.189 | 2015-03-14 11:06:15 PM |
| 73.208.198.147 | 2015-03-14 07:05:28 PM |
| 71.194.96.212 | 2015-03-14 06:44:49 PM |
| 98.222.253.18 | 2015-03-14 05:50:48 PM |
| 98.220.106.244 | 2015-03-14 05:34:53 PM |
| 67.176.233.252 | 2015-03-14 05:15:00 PM |
| 98.214.108.40 | 2015-03-14 04:01:25 PM |
| 73.45.203.152 | 2015-03-14 01:46:40 PM |
| 73.9.253.186 | 2015-03-14 10:25:22 AM |
| 76.23.68.95 | 2015-03-14 07:22:08 AM |
| 98.213.224.2 | 2015-03-14 07:11:56 AM |
| 73.208.234.233 | 2015-03-14 06:39:31 AM |
| 73.45.24.49 | 2015-03-14 04:55:55 AM |
| 73.208.76.217 | 2015-03-14 04:28:14 AM |
| 69.136.6.149 | 2015-03-14 04:20:37 AM |
| 98.206.234.36 | 2015-03-14 03:46:58 AM |
| 76.16.2.13 | 2015-03-14 03:06:32 AM |
| 67.162.27.56 | 2015-03-14 02:17:44 AM |
| 98.215.68.8 | 2015-03-14 02:02:37 AM |
| 76.16.153.233 | 2015-03-14 01:21:11 AM |
| 71.194.212.99 | 2015-03-14 12:18:57 AM |
| 76.29.211.169 | 2015-03-14 12:04:35 AM |
| 67.163.11.52 | 2015-03-13 11:25:14 PM |
| 71.239.18.42 | 2015-03-13 10:15:28 PM |
| 98.212.188.58 | 2015-03-13 10:06:47 PM |
| 67.176.151.3 | 2015-03-13 09:37:10 PM |
| 98.206.245.68 | 2015-03-13 08:08:33 PM |
| 98.253.98.248 | 2015-03-13 07:01:05 PM |

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1**
**Eastern Division**

COBBLER NEVADA, LLC

Plaintiff,

v.

Case No.: 1:15–cv–05277
Honorable John J. Tharp Jr.

DOES 1–29

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 15, 2015:

MINUTE entry before the Honorable John J. Tharp, Jr: Motion hearing held. Plaintiff's motion for leave to take discovery prior to Rule 26(f) Conference [7] is granted. Mailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Case No. 15-cv-5277

COBBLER NEVADA, LLC,

Plaintiff,

DOES 1-29,

Defendants.

**ORDER GRANTING DOE DEFENDANT'S MOTION TO QUASH SUBPOENA AND DROP MISJOINED DEFENDANTS 1-29**

Cobbler Nevada, LLC. brought this lawsuit against Doe defendants 1-29, alleging infringement of copyright and civil conspiracy. Defendant John Doe, appearing pro se, has filed a motion to quash a subpoena issued to his internet service provider seeking identifying information about him. After considering the parties' papers, and for good cause shown, the Court GRANTS defendant's motion to quash and "drops" defendants 1-29.

## BACKGROUND

Cobbler Nevada, LLC. brought this lawsuit against Doe defendants 1-29, alleging infringement of copyright and civil conspiracy. Plaintiff claims that the Doe defendants illegally reproduced and distributed plaintiffs copyrighted creative work "The Cobbler" over the Internet computer network peer-to-peer sharing network BitTorrent. Plaintiff knows each defendant only by an Internet Protocol address (IP address), which is a number assigned to devices connected to the Internet by an Internet Service Provider (ISP). Compl. 11 . Plaintiff attached a list of ISPs and dates/etc. documenting alleged infringement to the complaint. (D.E. #4 Exh. A.)

Plaintiff sought to obtain defendants' identities through expedited discovery. On June 16th, 2015, Magistrate granted plaintiffs ex parte Motion for Expedited Discovery and ordered that plaintiff be allowed to serve Rule 45 subpoenas on the ISPs identified "to determine the names and addresses of certain subscribers connected to certain IP addresses. . . ." (D.E. #11

## LEGAL STANDARD

Federal Rule of Civil Procedure 20(a) provides that joinder of defendants is appropriate where "any right to relief is asserted against them jointly, severally, or

in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

"The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F. 3d 1348, 1350 (9th Cir. 1997). If misjoinder is apparent, the Court is authorized to "drop" a misjoined party from the case, or "sever" any claim. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

**DISCUSSION**

John Doe argues that the Court should quash the subpoena issued to his ISP, because he was improperly joined as a defendant in this action. Courts around the country, including this Court, have found that allegations that Doe defendants used the same peer-to-peer network to infringe a plaintiffs copyrighted works are insufficient for joinder of multiple defendants under Rule 20. *See, e.g., Laface Records, LLC v. Does 1 - 38,* 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1-25,* 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte*

severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); *see also BMG Music v. Does,* 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does 1-12,* No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); cf. In the Matter of DIRECTV,INC. 2004 U.S. Dist. LEXIS 24263, No. 02-5912 (Ware, J.) (N.D. Cal. July 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view of plaintiffs programming without authorization).

Earlier this year, the Northern California District Court severed defendants in *IO Group, Inc. v. Does 1-19.* The plaintiff had alleged that nineteen different defendants reproduced eighteen different copyrighted films on fifteen different days. The Court found that the plaintiffs allegations that the defendants conspired with each other to provide the infringing reproductions of the works were "wholly conclusory and lack[ed] any facts to support an allegation that defendants worked

in concert to violate plaintiffs copyrights . . . *10 Group v. Does 1-19,* 2010 U.S. Dist. LEXIS 133717, *8-9 (N.D. Cal. Dec. 7, 2010). The Court held that the "only factual allegation connecting the defendants" - the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiffs copyrighted work - was insufficient for joinder of multiple defendants under Rule 20. Similarly, in *10 Group v. Does 1-435,* the Court severed the Doe defendants, holding that use of the same ISP and peer-to-peer network was not sufficient for joinder, and that any "potential conspirator liability, based solely on use of a P2P network," does not stretch "so far as to make joinder of all users of a P2P network in one action proper." *IO Group, Inc. v. Does 1-435,* 2011 U.S. Dist. LEXIS 14123, *15-16 (N.D. Cal. Feb. 3, **2011**).

Courts have held specifically that the nature of the BitTorrent protocol does not make joinder appropriate where defendants allegedly used BitTorrent to infringe copyrighted works. In Diabolic Video Productions, the plaintiff alleged that 2,099 different defendants "acted in cooperation with one another 'by agreeing to provide, and actually providing on a P2P network, an infringing reproduction" of the plaintiffs work. *See Diabolic Video Productions v. Does 1-2,*099, 2011 U.S. Dist. LEXIS 58351, 10 (Grewal, M.J.) (N.D. Cal. May 31, 2011). The plaintiff alleged that the "[d]efendants joined in a common 'swarm,' . . . that qualifies as the single transaction or series of closely-related transactions recognized under Rule 20." However, the court found that, apart from the allegation that the defendants all used the same peer-to-peer network to reproduce and distribute the plaintiffs

copyrighted work, the plaintiff offered "no allegations whatsoever to support its theory of a single or closely-related transactional theory." The court said the plaintiff failed to explain "how or why the technical architecture of BitTorrent is any different from those of the file-sharing protocols" considered by courts in LaFace Records, Interscope Records, BMG Music, or Twentieth Century Fox Film Corp., discussed above, where "the peer-to-peer nature of the protocol was insufficient to justify joinder of dozens of otherwise unrelated defendants in a single action." Id. at 12-13. The court took "notice of the fact" that the protocols at issue in those cases "were of precisely the same peer-to-peer architecture" as BitTorrent. Id. at 13. For the same reasons, courts severed defendants in lawsuits *Boy Racer v. Does 1-52,* 2011 U.S. Dist. LEXIS 58345 (Grewal, M.J.) (N.D. Cal. May 31, 2011) and *Boy Racer v. Does 1-71,* 2011 U.S. Dist. LEXIS 57975 (Grewal, M.J.) (N.D. Cal. May 31, 2011). Similarly, in Lightspeed v. Does 1-1,000, where the plaintiff alleged that the defendants illegally reproduced and distributed its copyrighted works over the Internet through BitTorrent, the court severed defendants because of improper joinder. Lightspeed v. Does 1-1,000, 2011 U.S. Dist LEXIS 35392 (N.D. 111. March 31, 2011). The plaintiff tried to distinguish its case from prior cases where courts held that the use of the same ISP and peer-to-peer networks to allegedly commit copyright infringement was insufficient for joinder under Rule 20. See id. at 4-6. The plaintiff argued that "BitTorrent involves more than 'merely committing the exact same violation in the same way' or using the same ISP . . . ."' Id. at 6. The court stated, however, that this assertion "ignores that the BitTorrent protocol is a

peer-to-peer file sharing system" which was at issue in the prior cases, and found that Rule 20 had not been satisfied. Id.[1]

Plaintiff does not plead facts showing that any particular defendant illegally shared plaintiffs work with any other particular defendant, instead claiming that because of the nature of BitTorrent, "any seed peer that has downloaded a file prior to the time that a subsequent peer downloads the same file is automatically a source for the subsequent peer, so long as that first peer is online at the time the subsequent peer requests download of the file from the swarm" (D.E. #1 ^ 145) The Exhibit A attached to plaintiffs motion (D.E. #4) indicates that defendants were allegedly present in BitTorrent swarms on approximately 2 different dates, and that defendants used different ISPs.

The nature of the BitTorrent protocol does not justify joinder of these otherwise unrelated Doe defendants. The BitTorrent protocol is of the same peer- to-peer architecture of other peer-to-peer protocols where this Court and other courts have found joinder improper. Allegations that defendants used a single peer- to-peer network to download plaintiffs works - on different days, at different times,

---

[1] Some judges have deferred ruling conclusively on the question of joinder in cases involving allegations of copyright infringement through the use of BitTorrent, when the question was raised at this stage of litigation. *See, e.g., Hard Drive Productions, Inc. v. Does 1-46,* 2011 U.S. Dist. LEXIS 67314 (Chen, J.) (N.D. Cal. June 23, 2011). However, other "courts and commentators have noted that a consequence of postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of dollars [from lost filing fees] and only encourages Plaintiffs and other members of the RIAA to join (or misjoin) as many doe defendants as possible." Arista *Records, LLC v. Doe,* 2008 U.S. Dist. LEXIS 90183, *17 (N.D. Ohio Nov. 3, 2008). As discussed below, the Court has sufficient information before it to rule on the question now, and, for the reasons stated by the court in Arista Records, will not defer determination to a later date.

and through different ISPs - is insufficient to allow plaintiff to litigate against twenty nine different defendants in one action.

Because Doe defendants 1-29 were improperly joined in this matter, the Court is authorized under Rule 21 to "drop" these defendants. The Court GRANTS John Doe's motion to quash and drops defendants 1-29 from the case without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS John Doe's motion to quash and drops defendants 1-29 from the case without prejudice. (D.E. #4)

**IT IS SO ORDERED.**

Date:

United States District Judge